UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISMOILJON SULTONKULOV,<br><br>                              Petitioner,<br><br>v.<br><br>JEREMY CASEY, Warden at Imperial Regional Detention Center, et al.,<br><br>                              Respondents. | Case No.: 26-CV-848 JLS (DEB)<br><br>**ORDER GRANTING PETITIONER'S MOTION TO FILE DOCUMENTS UNDER SEAL**<br><br>(ECF No. 9) |

Presently before the Court is Petitioner Ismoiljon Sultonkulov's Motion to File Documents Under Seal ("Mot.," ECF No. 9).  Having carefully considered Petitioner's arguments, the information Petitioner seeks to seal, and the relevant law, the Court **GRANTS** Petitioner's Motion.

**I.     Legal Standard**

"[T]he courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978).  "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (citing *Foltz v. State Farm Mut. Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).  "The presumption of access is 'based on the need for federal courts, although independent—indeed,

particularly because they are independent—to have a measure of accountability and for the public to have confidence in the administration of justice.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *United States v. Amodeo*, 71 F.3d 1044, 1048 (2d Cir. 1995)).

A party seeking to seal a judicial record bears the burden of overcoming the strong presumption of access. *Foltz*, 331 F.3d at 1130. The showing required to meet this burden depends upon whether the documents to be sealed relate to a motion that is "more than tangentially related to the merits of the case." *Ctr. for Auto Safety*, 809 F.3d at 1102. When the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98. When the underlying motion does not surpass the tangential relevance threshold, the "good cause" standard applies. *Id.*

Under the compelling reasons standard, "the party seeking protection bears the burden of showing specific prejudice or harm will result if no [protection] is granted." *Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002). "In general, 'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Kamakana*, 447 F.3d at 1179 (quoting *Nixon*, 435 U.S. at 598). However, "[t]he mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." *Id.* (citing *Foltz*, 331 F.3d at 1136). The decision to seal documents is "one best left to the sound discretion of the trial court" upon consideration of "the relevant facts and circumstances of the particular case." *Nixon*, 435 U.S. at 599.

## II. Analysis

Petitioner seeks leave to file under seal the lodged unredacted Exhibit E to his habeas petition. Mot. at 1. Petitioner asserts that the documents contain confidential information related to the substance of his application for asylum, as well as his mothers. *Id.* at 2.

26-CV-848 JLS (DEB)

These portions of the Petition are "more than tangentially related to the merits of the case," therefore, the compelling reasons standard applies. *Ctr. for Auto Safety*, 809 F.3d at 1102. Petitioner has expressed concerns if this information were public. Mot. at 2. The Court finds that these requests are narrowly tailored and sufficiently meet the compelling reasons standard. *See, e.g.*, *Ndandu v. Noem, et al.*, No. 25-cv-2939 RBM (MSB), ECF No. 2 at 3, 6 (S.D. Cal. Nov. 14, 2025) (granting motion to seal concerning documents related to asylum and CAT protection because they had the potential to identify him and subject him to physical harm if made public); *Doe v. Becerra*, 787 F. Supp. 3d 1083, 1095–96 (E.D. Cal. 2025) (granting motion to seal any information related to petitioner's asylum application due to the sensitive nature of the allegations).

**III.   Conclusion**

In light of the foregoing, the Court **GRANTS** Petitioner's Motion to File Documents Under Seal (ECF No. 9). The Clerk of the Court is **DIRECTED** to file under seal the lodged unredacted document submitted by Petitioner: Exhibit E to the Petition (ECF No. 10).

**IT IS SO ORDERED.**

Dated:  March 19, 2026

Hon. Janis L. Sammartino
United States District Judge

26-CV-848 JLS (DEB)